# NO. 12-10-00036-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LATOYA MAE ZIGLER,* *APPELLANT* | § | *APPEAL FROM THE 420TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Latoya Mae Zigler appeals her conviction for assault against a public servant following the revocation of her deferred adjudication community supervision, for which she was sentenced to imprisonment for four years. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

## BACKGROUND

Appellant was charged by indictment with assault against a public servant and pleaded "guilty." The trial court deferred adjudicating Appellant "guilty" and sentenced her to community supervision for four years. Subsequently, the State filed a motion to proceed to final adjudication alleging that Appellant had violated certain terms and conditions of her community supervision. Specifically, the State alleged that Appellant had, among other violations, (1) tested positive for PCP on July 1, 2009, (2) failed to pay her fine, court costs, and attorney's fees, (3) failed to pay her probation fee, and (4) been convicted for driving while intoxicated. Thereafter, the trial court conducted a hearing on the State's motion. Following the hearing, the trial court

found that Appellant had violated certain of the terms and conditions of her community supervision as alleged in the State's motion. Following a trial on punishment, the trial court revoked Appellant's community supervision, adjudicated her "guilty" of assault against a public servant, and sentenced her to imprisonment for four years. This appeal followed.

### ANALYSIS PURSUANT TO ANDERS V. CALIFORNIA

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1] We have likewise reviewed the record for reversible error and have found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby *granted* and the appeal is *dismissed*.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any

---

[1] Counsel for Appellant has certified that he provided Appellant with a copy of this brief. Appellant was given time to file her own brief in this cause. The time for filing such a brief has expired and we have received no pro se brief.

2

petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered January 5, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)